UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYRONE HURT,
        Plaintiff,

        v.                          CIVIL ACTION NO.
                                    13-11801-NMG
UNITED STATES OF AMERICA,
        Defendant.

MEMORANDUM AND ORDER

On July 23, 2013, Tyrone Hurt, a resident of Washington, D.C., filed a handwritten complaint against the United States of America.  See Docket No. 1.  As best can be gleaned from the complaint, plaintiff appears to complain that the government is "not making price fixing [a violation of the United States Constitution]."  Id.

The Court's records indicate that plaintiff is a frequent filer of frivolous litigation and has had filing restrictions imposed upon him, under the names Hurt and Hunt, by the federal district courts for the District of Columbia, the Eastern District of California and, most recently, the District of Massachusetts.  See 06/20/13 Order, Docket No. 5, Hunt v. All Neo-Nazis, C.A. No. 13-11321-RWZ (referencing plaintiff's litigation history and enjoining plaintiff from filing new cases in the District of Massachusetts without first submitting a written petition seeking leave to do so, and obtaining permission from the court); 06/20/13, Docket No. 5, Hunt v. D.C. Metropolitan Police Dep't, C.A. No. 13-11323-RWZ; 06/20/13, Docket No. 4, Hunt v. Hon. Colleen Kollar-Kotelly, C.A. No. 13-

11324-RWZ.

A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  This Court also has inherent authority to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.  See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, inter alia, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

The instant action is one that is encompassed by Judge Zobel's Order enjoining plaintiff and he has failed to comply with the directives contained therein.  Hurt has not sought leave to file the instant action and he will not be permitted leave to do so.  At this juncture, it is clear that his claim is frivolous and fails to state any plausible claim upon which relief may be granted.

Based on the foregoing, it is hereby Ordered that this action is DISMISSED.  Hurt is reminded that he is subject to the Order enjoining him.  The Clerk shall send with this Memorandum

2

and Order a copy of the June 20, 2013 Memorandum and Order.

SO ORDERED.


September 24, 2013                     /s/ Nathaniel M. Gorton
DATE                                  NATHANIEL M. GORTON
                                      UNITED STATES DISTRICT JUDGE