```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**TYRONE HURT,**

    **Plaintiff,**

    **v.**                                     **CIVIL ACTION No.**
                                                            **13-11801-NMG**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER ON MOTIONS FOR COUNSEL AND TO APPEAL IN FORMA PAUPERIS**

**GORTON, J.**

For the reasons set forth below, the Court denies plaintiff's motion and amended motion for leave to appeal <u>in forma pauperis</u> and certifies, pursuant to 28 U.S.C. § 1915(a), that plaintiff's appeal is not taken in good faith. The Court denies plaintiff's motion for appointment of counsel.

    **I.**     **Background**

The court's records indicate that Tyrone Hurt has been a frequent litigant in several federal courts and that he is subject to a restrictive filing injunction. <u>See</u> 06/20/13 Order, Docket No. 5, <u>Hunt v. All Neo-Nazis</u>, C.A. No. 13-11321-RWZ (referencing plaintiff's litigation history and enjoining plaintiff from filing new cases in the District of Massachusetts without first submitting a written petition seeking leave to do so, and obtaining permission from the court); 06/20/13, Docket No. 5, <u>Hunt v. D.C. Metropolitan Police Dep't</u>, C.A. No. 13-11323-RWZ; 06/20/13, Docket No. 4, <u>Hunt v. Hon. Colleen Kollar-Kotelly</u>, C.A. No. 13-11324-RWZ.

On July 23, 2013, Hurt filed a handwritten complaint against the United States of America complaining that the government is not making price fixing a violation of the United States Constitution.  See Docket No. 1.

By Memorandum and Order dated September 25, 2013, this action was dismissed because his claim was frivolous and failed to state any plausible claim upon which relief may be granted. See Docket No. 3.  Plaintiff had not sought permission to file this action as required by the directives contained in the June 20, 2013 Order and he was not permitted leave to do so.

Plaintiff filed a timely notice of appeal.  See Docket No. 7.  With his notice, plaintiff filed a motion for leave to appeal in forma pauperis.  See Docket No. 5.  He also filed a motion for appointment of counsel.  See Docket No. 6.  On November 21, 2013, he filed an amended motion for leave to appeal in forma pauperis. See Docket No. 10.

**II. Standard of Review**

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  In pertinent part, Rule 24(a) provides:

> (1) ... [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
> (A) shows ... the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present

on appeal.

Rule 24(a), Federal Rules of Appellate Procedure.

Similarly, Section 1915(a)(1) provides "any court of the United States may authorize the commencement, prosecution or defense of any ... appeal ... without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) requires that the affidavit also state the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress. Id.

Additionally, Section 1915 further provides that, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Finally, Section 1915 further provides that, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.

**III. Discussion**

This Court denies plaintiff's motion and amended motion to appeal in forma pauperis because plaintiff failed to provide any reason to conclude that there is a legitimate ground for appeal.

Based on Hurt's litigation history, and the failure of the complaint to state a claim, any appeal by Hurt of this matter would not be taken in good faith. The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. See Coppedge v. United States, 369 U .S. 438, 445 (1962). An appeal is deemed frivolous when it is based on an "indisputably merit less legal theory or factual allegations that are clearly baseless." Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991).

Here, the same considerations that led the Court to dismiss the complaint now compel the conclusion that an appeal would not be taken in good faith. Thus, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that plaintiff's appeal is not taken in good faith and denies plaintiff's motion to waive the appellate filing fee. Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the First Circuit in accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

Accordingly, it is hereby ORDERED that:

1. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that plaintiff's appeal is not taken in

      good faith and DENIES Plaintiff's Motion and Amended Motion for leave to appeal <u>in forma pauperis</u> (Docket Nos 5, 10).

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 6) is DENIED.

3. The Clerk shall transmit this Order as a supplemental record to the United States court of Appeals for the First Circuit.

**So ordered.**

                                                      /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated December 5, 2013